IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jerod Johnson, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 09 C 6867 |
| Medicredit, Inc., a Missouri corporation, | ) ) ) | |
| Defendant. | ) | Jury Demanded |

### COMPLAINT

Plaintiff, Jerod Johnson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violate the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants resides and transacts business here.

### PARTIES

3. Plaintiff, Jerod Johnson ("Johnson"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Saint Francis Medical Center.

4. Defendant, Medicredit, Inc. ("Medicredit"), is a Missouri corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Medicredit was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Medicredit is licensed to do business in the State of Illinois, and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State attached as Exhibit A.

6. Moreover, Defendant Medicredit is licensed as a debt collection agency in the State of Illinois. See, record from the Illinois Division of Professional Regulation attached as Exhibit B.

**FACTUAL ALLEGATIONS**

7. On March 30, 2009, Mr. Johnson filed a Chapter 7 bankruptcy petition in a matter styled In re: Johnson, N.D. Ill. Bankr. No. 09-10978. Among the creditors/debts listed on Schedule F of Mr. Johnson's bankruptcy petition was Saint Francis Medical Center and the debts he owed it. See, excerpt of bankruptcy petition attached as Exhibit C.

8. On April 2, 2009, Saint Francis Medical Center was sent, via U.S. Mail, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Bankruptcy Case, Meeting of Creditors & Deadlines, which is attached as Exhibit D.

9. On July 7, 2009, Mr. Johnson received a discharge from his bankruptcy and on July 9, 2009, Saint Francis Medical Center was sent notice of same, see, the Certificate of Service to the Discharge of Debtor, which is attached as Exhibit E.

10. Nonetheless, Defendant Medicredit sent Mr. Johnson a collection letter dated September 22, 2009, demanding payment of the debt he had owed Saint Francis Medical Center prior to the bankruptcy. This letter stated, in part, that "because of interest, late charges, and other charges, your balance may vary from day to day." In fact, there was no interest, late charges or other charges sought by the creditor, nor could any be sought due to the bankruptcy. A copy of this collection letter is attached as Exhibit F.

11. All of Defendant Medicredit's collection actions at issue in this matter occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**Demanding Payment Of A Debt That Is Not Owed/ False Statements**

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

15. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA. <u>Randolph v. IMBS, Inc.</u>, 368 F3d 726, 728-730 (7th Cir. 2004).

16. Moreover, Defendant Medicredit's letter falsely claimed that the debt could increase "because of interest, late charges, and other charges, your balance may vary from day to day", in violation of § 1692e of the FDCPA.

17. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692f Of The FDCPA –
### Unfair and Unconscionable Practices

18. Plaintiff adopts and realleges ¶¶ 1-12.

19. Section 1692f of the FDCPA prohibits a debt collector from using in any unfair or unconscionable means to collect any debt, including, but not limited to, trying to collect any unauthorized interest, fee or charge . <u>See</u> 15 U.S.C. § 1692f(1).

20. Defendant, by threatening to add "interest, late charges, and other charges" to the amount of the debt, when it had no right to do so, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

21. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Jerod Johnson, prays that this Court:

1. Find that Defendant Medicredit's debt collection actions violated the FDCPA;

4

2. Enter judgment in favor of Plaintiff Johnson, and against Defendant Medicredit, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jerod Johnson, demands trial by jury.

Jerod Johnson,

By:/s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: October 30, 2009

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
dphilipps@aol.com
mephilipps@aol.com